IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**NATHANIEL COLLETON  # 15978-171**                                                   **PETITIONER**

**VERSUS**                                        **CIVIL ACTION NO. 3:17cv278-TSL-RHW**

**LARRY SHULTS, WARDEN**                                                              **RESPONDENT**

## REPORT AND RECOMMENDATION

While he was incarcerated at the Federal Correctional Complex, Yazoo City, Mississippi, Petitioner Nathaniel Colleton filed this petition for writ of habeas corpus April 18, 2017 under 28 U.S.C. § 2241, challenging the validity of his conviction or sentence as imposed. [1, ¶ 5] Two months later, he filed a notice of change of address to the Low Security Correctional Institution in Butner, N.C. [7], where he remains imprisoned according to the Bureau of Prisons web site, which also shows his release date as December 24, 2031. After fully reviewing the petition and all associated pleadings, exhibits and applicable law, the undersigned recommends that Colleton's petition be denied.

Facts and Procedural History

On June 22, 2009, Nathaniel Colleton pled guilty in the United States District Court for the District of South Carolina to conspiring to distribute heroin in violation of 21 U.S.C. § 846, and to distributing heroin resulting in the death or serious bodily injury of another person in violation of 21 U.S.C. § 841. While on bond pending sentencing for those charges, Colleton was arrested and separately indicted on another charge of distributing heroin, to which he pled guilty on October 13, 2010. [10-2, p. 2] He was sentenced on May 3, 2011, to 324 months imprisonment and four years supervised release. [1, p. 1] Colleton appealed the sentence on

May 17, 2011, urging it was "procedurally and substantively unreasonable." On March 8, 2012 the Fourth Circuit Court of Appeals affirmed. *U.S. v. Colleton*, 468 F.App'x 367, 2012 WL 745612 (4th Cir. 2012).

Colleton filed a habeas petition in the sentencing court under 28 U.S.C. § 2255 on October 24, 2012 seeking vacation or correction of his sentence. In that petition, Colleton asserted ineffective assistance of counsel during his guilty plea proceedings. He filed a supplement to the § 2255 petition on February 1, 2016. [10-1] Following a February 19, 2016 evidentiary hearing, the South Carolina District Court denied the § 2255 petition and granted summary judgment in favor of the government by order of March 21, 2016. [10-2], [1, p. 4] Colleton did not appeal. [2, p. 3]

Colleton filed the § 2241 petition before this Court on April 18, 2017, claiming that under the decision in *Burrage v. United States*, 1345 S.Ct. 881 (2014), specifically the interpretation of the term "results," he is actually innocent of his § 841(b)(1)(c) conviction of distribution of heroin resulting in the death or serious bodily injury of another person, *i.e.*, that he was convicted of a nonexistent offense. [1, pp. 6, 8] Colleton's memorandum [2] in support of his § 2241 habeas petition consists largely of verbatim passages taken from the pleadings [10-1], and order [10-2] in his unsuccessful § 2255 petition,[1] and copious, though often unattributed, quotations from case law.[2] In its order denying Colleton's § 2255 habeas petition, the South Carolina District Court stated:

> The government need only prove "but for" causation in order to establish Colleton's liability for the victim's death or serious bodily injury and therefore

---

[1] For example, compare document [2, p. 2] to [10-2, p. 2], and [2, pp. 4-7] to [10-1, pp. 2-6].

[2] See, for example [2, pp. 8-14] consisting of virtually verbatim language from *Santillana v. Upton*, 846 F.3d 779, 781-785 (5th Cir. 2017).

> subject him to the enhanced mandatory minimum sentence under [21 U.S.C. § 841]. *United States v. Schnippel*, 371 F. App'x 418, 419 (4th Cir. 2010) ("[T]he Government must show that the victim's use of the heroin received from [defendant] was a but for cause of her death" in order to subject defendant to "an enhanced mandatory minimum sentence.") In other words, the government must prove "that the death or injury would not have occurred had the drugs not been ingested." *United States v. Hatfield*, 591 F.3d 945, 948 (7th Cir. 2010) (explaining the "but for" causation required under 21 U.S.C. § 841).
>
> Here, the medical records establish that the victim's death was the result of complications from acute opiate toxicity.
>
> ...there is no dispute that the victim suffered a heroin overdose, which, in and of itself is a serious bodily injury.
>
> The evidence indicates that, at a minimum, but for the victim's ingestion of heroin sold by Colleton, he would not have suffered serious bodily injury.
>
> ... the medical records establish that but for Colleton's actions in selling the drugs, the victim would not have suffered serious bodily injury or would (*sic*) have died of acute opiate toxicity.
>
> ... the fact that Colleton sold the heroin that was the but for cause of the victim's death or serious bodily injury renders him liable under 21 U.S.C. § 841.
>
> ... statements made ... during the plea hearings indicate that Colleton had a general understanding of what the government would have to prove were the case to go to trial.
>
> Colleton cannot establish that he did not understand the government's burden.

[10-2, pp. 8-11] Despite these findings, Colleton claims in the instant petition, that because the prosecutor's summary of facts during his plea did not explain the meaning of "resulting in death" or state whether there were intervening causes, that he (Colleton):

> ... was not given to understand that the drugs were the "but for" cause of the death. So under the circumstances, it cannot be said that Colleton admitted that the drug distributed by him was the "but for" cause of death. Thus, Colleton has satisfied his burden to show that he was potentially convicted of a nonexistent offense.

[2, p. 14] Having failed to secure relief in the trial court on his § 2255 petition, Colleton now

asks this Court to vacate his conviction and resentence him. *Id.*, p. 15. On June 16, 2017, Colleton filed [8] a motion for leave to supplement his petition. The "motion" is actually further legal argument in support of his § 2241 petition, and the undersigned has considered it as such.

<u>Law and Analysis</u>

Collateral attack of a federal conviction/sentence must ordinarily be brought under 28 U.S.C. § 2255. *Santillana v. Upton*, 846 F.3d 779, 781-82 (5th Cir. 2017) (citing *Kenemore v. Roy*, 690 F.3d 639, 640 (5th Cir. 2012)). However, § 2255 contains a savings clause which allows a federal prisoner to file a petition under § 2241 under limited circumstances:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). There is no dispute that Colleton applied for and was denied relief in the sentencing court under § 2255. That alone, however, does not make the § 2255 remedy inadequate or ineffective.

The Fifth Circuit has identified three factors a petitioner must satisfy to file a § 2241 petition under the savings clause: (1) the § 2241 petition must raise a claim "that is based on a retroactively applicable Supreme Court decision;" (2) the claim must have been previously "foreclosed by circuit law at the time when [it] should have been raised in petitioner's ... first § 2255 motion;" and (3) the retroactively applicable decision establishes that "the petitioner may have been convicted of a nonexistent offense." *Garland v. Roy*, 615 F.3d 391, 394 (5th Cir. 2010), (citing *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001) and *Reyes-Requena v. United States*, 243 F.3d 893, 893 (5th Cir. 2001)). The burden is on the petitioner to come

forward with evidence to meet each element of the test before he may proceed under § 2241. *Id*. "Courts have found a remedy under 28 U.S.C. § 2255 to be inadequate or ineffective only in extremely limited circumstances." *Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000) (citing *Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999)).

Respondent contends Colleton cannot show his present claim was foreclosed by circuit law at the time when it should have been raised in his § 2255 motion. Indeed, it is undisputed that Colleton's February 2, 2016 supplement to his § 2255 motion raised the but-for test set out two years earlier in *Burrage*, and Colleton's attorney presented that argument to the South Carolina court. That Court's above-cited statements of fact indicate the but-for test was met, and Colleton did not appeal the denial of his § 2255 petition. The undersigned finds Colleton has not met the requirements of the savings clause of § 2255(e), and is therefore precluded from proceeding with this § 2241 habeas action.

## RECOMMENDATION

Based on the foregoing, the undersigned recommends that Colleton's petition for habeas relief under 28 U.S.C. § 2241 be dismissed with prejudice.

## NOTICE OF RIGHT TO APPEAL/OBJECT

After being served a copy of a Report and Recommendation, a party has 14 days to serve on the other parties, submit to the assigned District Judge, and file with the clerk of court his written objections to the Report and Recommendation. The objecting party must specifically identify the findings, conclusions, and recommendations to which he objects; the District Court need not consider frivolous, conclusive, or general objections. An opposing party has seven days after being served with objections, to serve and file a response or to notify the District Judge he does not intend to respond to the objections. Except on grounds of plain error, a party cannot

attack on appeal any proposed factual finding or legal conclusion accepted by the District Court to which he did not timely file objections. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

    Signed, this the 20th day of December, 2017.

                                           /s/ *Robert H. Walker*
                                           ROBERT H. WALKER
                                           UNITED STATES MAGISTRATE JUDGE